IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LYNNE GREGORY HARDMAN, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-42-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that he is unable to perform previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**Administrative Proceedings**

Claimant applied for disability insurance benefits on August 31, 2009, alleging disability as of June 10, 2008, due to fibromyalgia, degenerative disc disease, depression, anxiety, arthritis, and high blood pressure. (Tr. 140; ECF No. 9.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on March 11, 2011, and following the hearing, the ALJ issued an unfavorable decision on April 25, 2011. (Tr. 15-22.) The Appeals Council ultimately denied Claimant's Request for Review on February 13, 2012. (Tr. 1-7.) This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16.) The ALJ found that Claimant had fibromyalgia, dysthymia, anxiety, and degenerative disc disease, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 24.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light, simple, routine, repetitive, unskilled work requiring few work-place changes, no fixed production rate pace, and only occasional interaction with co-workers, supervisors, and the general public. (Tr. 18.) Based on the RFC and the medical

evidence, the ALJ then determined that Claimant would be unable to perform his past relevant work. (Tr. 20.) The ALJ determined that at the time of his date last insured, Claimant was 54 years old, which is considered to be an individual closely approaching advanced age. (*Id.*) The ALJ further found that Claimant had a high school education and could communicate in English. (*Id.*) After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform. (Tr. 20-21.)

## DISCUSSION

**I.     Did the ALJ err in determining Claimant's Residual functional Capacity?**

In Claimant's first enumeration of error, he contends that the ALJ erred in determining his residual functional capacity (RFC). (Cl.'s Br. 10; ECF No. 11.) Specifically, Claimant contends that the ALJ applied an incorrect standard when evaluating his mental impairments; failed to weigh the limitations imposed by the examining consultant; and failed to assess Claimant's work-related abilities on a function-by-function basis. (*Id.* at 10-13.)

### A.     Mental Impairment Standard

Claimant argues that in assessing his mental impairments, the ALJ applied an incorrect legal standard. (*Id.* at 10.) Claimant cites to an example of this by stating that in the "psychiatric review assessment completed by the Agency's record reviewer, the

ALJ claim[ed] that '[i]n each assessment, [Hardman's] alleged impairments were found to be non-severe in that they did not prevent substantial gainful activity.'" (*Id.*)  In support of this vague claim, Claimant cites the holding in *McDonald v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986), which held that an impairment must be deemed severe unless it is an abnormality that is so slight and its effects so minimal, that it would not be expected to interfere with someone's ability to work. (*Id.*)

Claimant is reminded, however, that even where an ALJ errs in determining that some of a claimant's impairments are not severe, that error is harmless if the ALJ deems other medical impairments to be severe and proceeds with the sequential inquiry. *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011).  Because the ALJ determined that Claimant did have some severe impairments in this case and proceeded with the sequential analysis, Claimant's argument fails.

Within this claim, Claimant also contends that the ALJ misstated the facts of the case. (Cl.'s Br. 11.)  Claimant also argues that the "record reviewer" *did* find that Claimant's mental impairments were severe and, as such, the ALJ's statement that "[t]o the extent [those impairments] are consistent with the residual functional capacity contained herein, they are assigned weight," is contrary to the law and to the opinion of the reviewer.  An ALJ, however, is not required to give significance to any opinions where the opinion relates to issues reserved solely for determination by the Commissioner. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues

6

reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e); see SSR 96-5p. Thus, this argument also fails.

### B. Weight Given to Examining Consultant

Claimant next argues that the ALJ erred in failing to properly weigh the limitations imposed by Dr. Bailey, an examining mental consultant. (Cl.'s Br. 11, ECF No. 11.) Claimant argues that although the ALJ "recited" Dr. Bailey's findings, he did not weigh them nor did he explain why his RFC assessment did not "reflect the expert's conclusions." (Cl.'s Br. 12.)

In making his RFC findings, "the ALJ [is] required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *See Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam). The ALJ also must consider any findings of a state agency medical or psychological consultant, who is considered an expert, and must assign weight and give explanations for assigning weight the same way as with any other medical source. See 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); SSR 96–6p, 1996 WL 374180 (Jul. 2, 1996). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the

treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the record reveals that the ALJ found that Claimant retained the ability to perform a range of light work within the definition of the same found in 20 C.F.R. 416.967(b).  The records from Dr. Bailey's consultative examination show that after examining Claimant for three hours -- which included administering four psychometric tests, a clinical interview, a mental-status exam, a review of a questionnaire, and one Agency disability form -- Dr. Bailey, the examining state agency consultant, diagnosed him with generalized anxiety disorder without panic attacks and dysthymia with a global assessment of functioning (GAF) score of 50.  (Tr. 354-355; ECF No. 9.)  Dr. Bailey further found that Claimant's ability to get along with the public, supervisors, and coworkers and stay focused to timely complete "unskilled labor activities" was limited by anxiety and depression, and that there was a moderate likelihood that he would decompensate or become unable to function under stress because of his daily issues with anxiety.  (*Id.*)

In support of his contention that the ALJ failed to assign weight to the opinion of the consultant, Claimant cites *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), which held that where an ALJ does not clearly articulate the weight given to a medical opinion, remand is required.  In *Winschel*, the Court noted that the ALJ

referenced the medical opinion in question only once and that reference only noted that the claimant saw the provider on a monthly basis. *Winschel*, 631 F. 3d at 1179. Further, the ALJ did not mention what the provider's medical opinion actually was. *Id.* Thus, the Court found that it could not "determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.* This Court, however, finds the facts in *Wincshel* to be distinguishable from those in the current case.

After reviewing the record in this case, it is found that the ALJ properly considered the medical opinions in this case, including Dr. Bailey's. It is clear that the ALJ gave weight to the opinion of Dr. Bailey as it was made manifest by the ALJ's RFC finding. As stated above, the ALJ limited Claimant to light, simple, routine, repetitive, unskilled work requiring few work-place changes, no fixed production rate pace, and only occasional interaction with co-workers, supervisors, and the general public. This RFC finding clearly takes the opinion of Dr. Bailey into account. Although the ALJ did not make a formulaic recitation of the weight he assessed Dr. Bailey's opinion, the Court is able to make a determination that the ALJ did, indeed, give the opinion some weight. Thus, no error is found.

### C.   Assessment of Claimant's Work-related Abilities

As to Claimant's contention that the ALJ failed to assess Claimant's work-related physical abilities on a function-by-function basis, Social Security Ruling 96-8p states, in relevant portion, that:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular

>and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling 96-8p. In making his assessment in this case, the ALJ considered all of Claimant's symptoms, including his allegations of pain, and the extent to which these symptoms could reasonably be considered consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 416.929, and Social Security Ruling 96-7p. (Tr. 19.) The ALJ also considered the medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations. 20 C.F.R. § 416.927 and Social Security Rulings 96-2p and 96-6p. (Tr. 18-20.)

Although Claimant contends that the ALJ failed to explain how he determined that Claimant could perform light work, the ALJ's findings reveal otherwise. As to his hands and feet, the ALJ noted that Claimant complained of weakness, swelling, and burning in his feet and hands. (Tr. 19, 20.) The ALJ then noted what the medical providers found with regard to those complaints. (*Id.*) The ALJ further noted Claimant's other impairments, what the diagnoses were, and how they affected his ability to work.

Ultimately, after reviewing the medical evidence of record, the ALJ determined that Claimant had the residual functional capacity to perform a limited range of light work. (*Id.*) No error is found as to Claimant's contention that the ALJ failed to properly comply with SSR 96-8p in determining his residual functional capacity.

## II.     Did the ALJ err in assessing Claimant's credibility?

In his second enumeration of error, Claimant contends that the ALJ erred in failing to comply with Social Security Regulation 96-7p, failed to consider Claimant's lack of insurance, and failed to evaluate the pain and limitations imposed by Claimant's neuropathy and degenerative disc disease. (Cl.'s Br. 12.)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must first show "evidence of an underlying medical condition and (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995) (internal quote and citation omitted). Social Security Regulation 96-7p states in relevant part, that:

11

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The record reveals that the ALJ specifically determined that Claimant's medically determinable impairments "could reasonably be expected to cause the alleged symptoms, however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Tr. 18.) In his Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of his pain. (Tr. 18-20.) The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R.

12

§ 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p and 06-3p. *Id.* The ALJ's findings show that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with his functional restrictions, to find that his allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.*

As to Claimant's contention that the ALJ failed to comply with SSR 96-7p, his claim lacks merit. In ruling on this issue, the Eleventh Circuit has held that:

> [T]he ALJ must evaluate the intensity and persistence of a claimant's symptoms and the extent to which those symptoms limit the claimant's capacity for work. In doing so, the ALJ is to consider the objective medical evidence and other evidence provided by the claimant and [his] treating and nontreating sources concerning what may precipitate or aggravate the claimant's symptoms, what medications, treatment or methods are used to alleviate the symptoms, and how the symptoms affect the claimant's daily living. The ALJ's credibility finding must be grounded in the evidence and contain specific reasons that are supported by the record evidence.

20 C.F.R. §§ 404.1529, 416.929; Social Security Regulation 96–7p. The Eleventh Circuit explained that the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). Although "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted). While the ALJ did not specifically state that he considered the factors found in SSR 96-7p in assessing Claimant's credibility, the record reveals that the ALJ did consider Claimant's medical

13

condition as a whole in making his credibility assessment.

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that he failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law. As noted above, the Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper pain standard and supported his credibility assessment with substantial evidence in the record.

Claimant further argues in his brief that the ALJ did not consider his lack of insurance in assessing his lack of treatment. (Cl.'s Mem. 6.) Claimant is correct in noting that the ALJ may not penalize him for not obtaining prescribed treatment where he cannot afford it. The Eleventh Circuit has ruled that noncompliance does not prevent a claimant from receiving benefits where it is the result of inability to afford treatment. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Furthermore, as noted above, the ALJ may not "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." SSR 96-7p. A review of the record, however, does not establish that the ALJ "discounted Claimant's credibility in part due to lack of treatment." (Cl's Reply Br. 3, ECF No. 14.) The record fails to reveal

that Claimant ever cited an inability to pay for treatment except in his testimony at the hearing.  In fact, the record establishes that Claimant *did* have insurance through his wife's employer in 2004 (Tr. 251, 314), when he failed to follow up with neurologist Dr. Novey.  (Tr. 251, 314).  Furthermore, the reason Claimant stopped taking some of his medications was because he did not like the side effects, not because he could not afford them.  (Tr. 292, 300, 350, 392).  The treatment for other medical issues belies Claimant's argument that he did not receive treatment due to a lack of insurance.  Thus, this claim must fail.

Lastly, as to Claimant's contention that the ALJ failed to evaluate the pain and limitations caused by Claimant's neuropathy and degenerative disc disease, his claim lacks merit.  The ALJ discussed Claimant's complaints of weakness and numbness in his hands but failed to find that it was a severe impairment.  (Tr. 18, 19.)  Furthermore, the record reveals that Claimant did not list "neuropathy" as a disabling impairment when he applied for disability benefits with the Social Security Administration.  The Claimant's application for benefits stated that the impairments that affect his ability to work were fibromyalgia, degenerative disc disease, depression, anxiety, arthritis, and high blood pressure.  (Tr. 140.)  Merely noting the existence of an impairment does not make it a condition the Commissioner must analyze.  As the Regulations state, the burden of proving that he is disabled is on the Claimant. *See*, 20 C.F.R. 416.912.  That means that "in an action seeking disability benefits, the burden is upon the claimant to demonstrate

existence of a disability as defined by the Social Security Act. *Brady v. Heckler*, 724, F.2d 914, 918 (11th Cir. 1984) (internal citation omitted).

Regarding the ALJ's assessment of his degenerative disc disease, the ALJ did find that impairment to be severe, though not sufficiently severe enough to meet a listing. (Tr. 16.) Step Two of the sequential analysis stated above requires that the Commissioner determine whether a claimant has an impairment which prevents the performance of basic work activities. 20 C.F.R. § 404.1520, Appendix 1, Part 404. In the instant case, the ALJ looked at the medical evidence of record in making his decision regarding the severity of Claimant's degenerative disc disease. (Tr. 18-20.) Pursuant to 20 C.F.R. § 404.1521(c), a severe impairment is one which substantially interferes with a person's ability to perform basic work activities. It does not, however, require that the ALJ find the Claimant disabled therefrom. The ALJ must follow the remaining steps of the sequential analysis to determine whether the functional limitations resulting from his severe impairments render him disabled within the meaning of the Regulations. Here, the ALJ did not find that Claimant's degenerative disc disease caused any further functional limitations, and the court finds no error in the ALJ's determinations.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a

copy of this recommendation.

SO RECOMMENDED, this, the 31st day of May, 2013.

                                            S/ STEPHEN HYLES
                                            UNTED STATES MAGISTRATE JUDGE