IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LYNNE GREGORY HARDMAN, | : |
| | : |
| Claimant, | : |
| | : |
| v. | : |
| | :  No. 3:12-CV-42 (CAR) |
| CAROLYN COLVIN, Acting | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 15] to affirm the Commissioner's decision denying Claimant Lynne Gregory Hardman for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant has filed a timely Objection to the Report and Recommendation [Doc. 16]. Having considered Claimant's objections and having reviewed those matters *de novo*, the Report and Recommendation is adopted, and the decision of the Commissioner of Social Security is affirmed.

The arguments raised in Claimant's Objection and his original brief are premised on hyper-technicalities that ignore the ultimately clear conclusion that the ALJ's

1

decision was both supported by substantial evidence and stated with sufficient detail to afford Claimant meaningful judicial review.

First, Claimant unsuccessfully attempts to clarify his original argument that the ALJ applied the wrong standard in determining Claimant's residual functioning capacity ("RFC"). Although it is still unclear what specifically Claimant is arguing, the Court concludes that the ALJ's finding adhered to the relevant regulations pertaining to RFC analysis and was supported by substantial record evidence.

Claimant next argues that the ALJ failed to state with particularity the weight he afforded the limitations assessed by Dr. Bailey, an examining consultant. Although the Court agrees that the ALJ did not explicitly state the weight he afforded Dr. Bailey's opinion, Dr. Bailey's opinion did not directly contradict the ALJ's findings, and therefore, any error regarding his opinion is harmless.[1]

Characterizing the Magistrate Judge's analysis as "illogical and unresponsive," Claimant next objects to the Magistrate Judge's finding that the ALJ sufficiently assessed Claimant's work-related physical abilities on a function-by-function basis, contending that the ALJ failed to "describe the maximum amount of <u>each work-related activity</u>."[2] The Court disagrees. The ALJ based his RFC finding on Claimant's testimony and the medical opinions provided by treating physicians. Based on his

---

[1] *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that when an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand).

[2] [Doc. 16 at 2] (emphasis in original).

2

evaluation of the medical evidence as a whole, along with the testimony of Claimant, the ALJ found that Claimant retained the RFC to perform a limited range of light work. He based that decision on several factors, none of which were inappropriate, to find that Claimant retained the ability to perform some work.

Importantly, the Eleventh Circuit has explicitly ruled that "[w]e do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole."[3]  Here, that holding dictates.  Accordingly, the Court concludes that the ALJ applied the appropriate legal standards to determine Claimant's RFC and that his decision is supported by substantial record evidence.

In the second half of Claimant's Objection, Claimant contends that the ALJ erred in determining his credibility.  Claimant first argues that the ALJ failed to adequately explain how he weighed the credibility of Claimant's testimony regarding the severity of his pain.  However, as addressed by the Magistrate Judge, substantial evidence supports the ALJ's finding that Claimant's allegations of pain were inconsistent with other evidence in the record, and thus entitled to less weight.  Applying the pain standard, the ALJ properly considered Claimant's assessment of his pain level and found that it was not credible to the degree alleged because the objective evidence did not support his allegations regarding the severity of the pain.  Therefore, substantial

---

[3] *Castel v. Comm's'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam).

evidence supports the ALJ's findings with regard to the weight given to the medical evidence and Claimant's subjective complaints.

Next, Claimant argues that the Magistrate Judge relied on *post hoc* rationalizations to conclude that the ALJ did not discount Claimant's credibility due to his lack of insurance. Although the Magistrate Judge cited evidence not found in the ALJ's decision, such reliance was not improper. As fully explained in the Recommendation, the ALJ could not have, based on the record, discounted Claimant's credibility due to a lack of insurance. Further, the Court finds that even if the ALJ could discount Claimant's credibility due to a lack of insurance, there is no indication in the record that the ALJ did.

Lastly, Claimant contends that the ALJ failed to evaluate the pain and limitations caused by Claimant's neuropathy and degenerative disc disease.[4] The Court disagrees. The record reflects that the ALJ did consider Claimant's degenerative disc disease and concluded that the impairment was not sufficiently severe enough to meet a listing. At Step Two of the sequential analysis, the ALJ determined that Claimant's degenerative disc disease was a severe impairment. In making his decision regarding the severity of the impairment of Claimant's degenerative disc disease, the ALJ considered the medical

---

[4] Claimant argues that the Magistrate Judge applied *post hoc* reasoning to support its finding that the ALJ did not err. However, the Recommendation's observation that Claimant did not list these impairments on his disability report is not a *post hoc* rationalization.

evidence and noted that Claimant's spine had "minor degenerative changes."[5]  It is apparent that the ALJ did not find that Claimant's degenerative disc disease caused any further functional limitations; and thus, the Court agrees with the Magistrate Judge's finding that there is no error in the ALJ's determinations.

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge [Doc. 15] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**; the final decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED,** this 23rd day of July, 2013.

                                              S/  C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

LMH

---

[5] [Doc. 9-2 at 20].